IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| John Birch, 867235, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 18 C 50072 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Gregg Scott, Director, Rushville Treatment | ) | |
| and Detention Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, petitioner's 28 U.S.C. § 2254 petition [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On February 26, 2018, petitioner John Birch filed a 28 U.S.C. § 2254 petition challenging his state court judgment of conviction. *See* [1]. Respondent filed an answer to the petition on May 23, 2018 [8], following the filing of the state court record [7]. Petitioner filed a reply on June 22, 2018. *See* [9]. These matters are now ripe for the court's review. The court will first discuss the relevant factual and procedural background before analyzing petitioner's various claims.

**I. Factual and Procedural History.**

The following facts and procedural history are drawn from the state record. *See* [7].[1]

On December 7, 2005, a DeKalb County, Illinois state court judge found probable cause to believe petitioner to be a sexually violent person pursuant to 725 ILCS 207/5(f).[2] At petitioner's jury trial, held November 13 and 14, 2013,[3] the state called two psychologists to

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[2] "'Sexually violent person' means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f).

[3] Previously, on September 25, 2013, at the first trial, the circuit court declared a mistrial due to concerns regarding the health of petitioner's expert.

testify as to their opinions regarding a finding of petitioner as a sexually violent person - Dr. John Arroyo, a clinical and forensic psychologist with Wexford Health Sources, and Dr. Richard Travis, a licensed clinical psychologist and sexually violent persons evaluator for the state of Illinois. The doctors testified they reviewed documents related to petitioner including, among other things, police reports, victim statements, and medical and mental health records and evaluations. They individually interviewed petitioner and authored reports on their findings. They testified petitioner had previously been convicted of attempt aggravated criminal sexual assault, aggravated criminal sexual abuse, aggravated unlawful restraint, and resisting a peace officer. In that case, the facts revealed petitioner approached a woman entering her apartment and held a knife to her throat. He forced her behind some bushes, put duct tape over her mouth and eyes and taped her arms behind her back. Petitioner sexually assaulted this victim until he heard a car coming and attempted to move her. The victim resisted so he picked her up and was crossing the street with her when a car stopped; he then dropped her in the street and ran. Petitioner received 30 years' incarceration in the Illinois Department of Corrections for these crimes.

In a previous case, petitioner pled guilty to home invasion and received 15 years' incarceration. In that case, petitioner followed a woman from a gas station, broke into her home, lunged at her with a screwdriver, knocked her to the floor, and pulled off her sweater. He then sexually assaulted her and forced her to perform oral sex on him. In another case, petitioner was charged with, but not convicted of, aggravated assault. In that case, petitioner approached a woman on a college campus, told her she was sexy and asked her if she ever considered having sex with a stranger. The woman became frightened, yelled for help and ran away. In an out-of-state incident, considered by both doctors to be "sexually motivated," petitioner was convicted of burglary and robbery. In that case, among other crimes, petitioner broke into a woman's apartment, grabbed her and dragged her to a bedroom and forced her to masturbate him. Petitioner told Dr. Arroyo that he operated under fantasies of robbing and raping women. Dr. Arroyo testified petitioner told him he had been stalking women and masturbating in public and that he was "turned on" by the violence. Based on their review of petitioner's history and testing, as well as their interviews with petitioner, Drs. Arroyo and Travis diagnosed petitioner, who is now by the court's calculation 57 years old, with mental disorders related to sexual deviancy that predispose him to engage in acts of sexual violence and anti-social personality disorder. Dr. Travis also diagnosed petitioner with bipolar disorder. Drs. Arroyo and Travis each testified that petitioner is substantially probable to engage in future acts of sexual violence. In their opinions, petitioner met the criteria for a sexually violent person.

At trial, petitioner presented Dr. Philip Reidda in his defense. After a review of records and interviews with petitioner, Dr. Reidda diagnosed petitioner with an unspecified personality disorder and bipolar disorder. He testified that while petitioner did meet the criteria for a condition that would predispose petitioner to engage in acts of sexual violence, Dr. Reidda did not think it was "substantially probable" that petitioner would act out sexually in the future. Dr. Reidda further testified that he did not believe petitioner met the criteria as a sexually violent person. Petitioner also testified at trial in his own behalf.

The jury found petitioner to be a sexually violent person. He was ordered committed to the custody of the Illinois Department of Human Services, Rushville Treatment and Detention Facility.

**A. Direct Appeal to the Illinois Appellate Court.**

Petitioner appealed his conviction as a sexually violent person. On direct appeal, petitioner raised three issues for review: (1) whether the evidence was sufficient to support the jury's verdict where there was no evidence petitioner "lacked volitional control"; (2) whether the trial court erred in allowing the testimony of Drs. Arroyo and Travis; and (3) whether the court erred in ordering petitioner committed to a secure institutional setting.

On August 3, 2016, the appellate court affirmed petitioner's conviction. The court found that "lack of volitional control" was not a separate element the state had to prove; nothing prohibited the state from obtaining two evaluations of petitioner; and where the state presented evidence that petitioner would be a danger to the community, the trial court did not abuse its discretion in ordering petitioner committed to a secure institutional setting. Petitioner filed a *pro se* petition for rehearing with the appellate court, which was denied. Petitioner then filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, arguing (as he did in his petition for rehearing), among other things (as best as this court can discern), that the Illinois statutes on sexually violent persons are unconstitutional and that the state failed to sufficiently prove his status as a sexually violent person. On September 27, 2017, the Illinois Supreme Court denied petitioner's petition for leave to appeal.

Petitioner has not filed a post-conviction petition in this matter.

**B. Federal Habeas Corpus Petition.**

Petitioner's § 2254 habeas petition presents the following claims:

(1) The Illinois Sexually Violent Persons Commitment Act is unconstitutional as to:
    (a) Section 207/15(b)(5), which asserts someone charged under the Act is dangerous under a "substantially probable" standard rather than a "beyond a reasonable doubt" standard;
    (b) Section 207/15(f), which allows for the "reckless admission of evidence";
    (c) Section 207/20, which states the proceedings are civil in nature; and
    (d) Section 207/35(b), which allows for the admissibility of evidence of crimes without a showing of beyond a reasonable doubt;
(2) Petitioner was not shown to be dangerous beyond a reasonable doubt (considering length of time since prior offenses);
(3) Petitioner's request for additional expert evaluations was ignored, pursuant to Section 207/25(e); and
(4) The trial court abused its power by failing to dismiss the state's petition with prejudice, pursuant to Section 207/35(f), following the September 2013 declaration of a mistrial.

3

**II. Analysis.**

28 U.S.C. § 2254 limits a federal district court's ability to grant habeas relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . ." 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "The issue is not whether [the] federal judge[] agree[s] with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

**A. State Law Claims not Cognizable.**

First, respondent argues that two of petitioner's habeas claims are not cognizable for purposes of § 2254 habeas review: (1) petitioner's claim that the state court misapplied 725 ILCS 207/25(e) by ignoring his request for additional expert witnesses, and (2) his claim that the trial court abused its discretion, under 725 ILCS 270/35(f), by failing to dismiss the state's petition with prejudice after declaring a mistrial in petitioner's September 2013 trial. Respondent argues these claims are not cognizable because they rest solely in state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (inquiry into state court rulings plays no part in federal habeas corpus review; "…it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). *See also Burris v. Smith*, 819 F.3d 1037, 1042 (7th Cir. 2016) (plaintiff failed to show that his claim in any way violated U.S. Constitution such that it would be appropriate for federal habeas relief). Here, to the extent petitioner asks this court to examine state law, his claims are not cognizable.

**B. Claim Barred as Adjudicated on the Merits.**

Respondent next argues petitioner's claim that he was not shown to be dangerous beyond a reasonable doubt is barred by Section 2254(d) as adjudicated on the merits in state court.

The Supreme Court has held "[a] habeas petitioner meets th[e] demanding standard [of Section 2254(d)] only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Dunn v. Madison*, 138 S.Ct. 9, 11 (2017) (per

curiam) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Additionally, in seeking federal habeas relief where the claims were previously adjudicated on the merits by a state court, petitioner is limited to the record that was before that state court. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

A review of the state court record in petitioner's direct appeal reveals the appellate court considered petitioner's argument that he was not proven to be dangerous beyond a reasonable doubt. The appellate court thoroughly analyzed all the testimony presented at petitioner's trial, including petitioner's argument that it would not be "substantially probable" that he would commit future acts of violence because the state's witnesses relied on acts that petitioner had committed in the past and he had not committed any acts of sexual violence since incarceration despite the fact that he had contact with female staff members. The appellate court credited the expert opinions of both Dr. Arroyo and Dr. Travis and held the jury could find beyond a reasonable doubt the elements required to prove that petitioner is a sexually violent person. Based on this court's review of the state court record, petitioner cannot show that the state court's ruling was "so lacking in justification" that an "error was well understood and comprehended."

This court finds petitioner's claim that he was not found dangerous beyond a reasonable doubt was adjudicated on the merits and the appellate court's decision was not an unreasonable determination of the facts in light of the evidence presented in petitioner's state court proceeding. Therefore, these claims are denied as barred by § 2254(d).

**C. Claims Procedurally Defaulted.**

Finally, respondent contends that petitioner's constitutional claims are procedurally defaulted because they were not adequately briefed in state court.

Before a prisoner can bring claims to a federal court under 28 U.S.C. § 2254, the prisoner must comply with the statutory exhaustion requirement and present each of his claims in one full round of review in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017). Failure to exhaust available remedies in at least one full round of review in state court results in procedural default and a federal court cannot review the merits of the claim. *Mulero v. Thompson,* 668 F.3d 529, 535-36 (7th Cir. 2012); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). In order to do so, petitioner must present to each court the same "operative facts and the legal principles that control each claim" that the petitioner seeks review of in his federal habeas petition. *See Bolton v. Akpore*, 730 F.3d 685, 695 (7th Cir. 2013). A procedural default occurs when a state court disposes of a claim on independent and adequate state law grounds. *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). Additionally, "[a] state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time – as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) (citation omitted).

Petitioner may avoid default by demonstrating both cause for and prejudice stemming from that default, or that the denial of relief will result in a miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Cause is ordinarily established by showing an external impediment prevented petitioner from presenting his claim to the state court, *id*. at 488, and prejudice is established by showing that the alleged violation was to petitioner's substantial disadvantage "infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). A miscarriage of justice may result if petitioner can show that he is actually innocent of the offense for which he is convicted. *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015).

As noted above, petitioner brings various constitutional challenges to the Illinois Sexually Violent Persons Commitment Act (725 ILCS 207/1, et seq.). Petitioner did not raise these constitutional challenges in his appellate brief. He did attempt to raise these federal arguments in his petition for rehearing before the appellate court and again in his petition for leave to appeal to the Illinois Supreme Court, but this is insufficient. "[A]n appellant does not fully and fairly present a federal claim to the state courts when he raises that claim for the first time in a petition for rehearing before the state appellate court or in a petition asking the state supreme court to grant him leave to appeal." *Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004) (citations omitted). Additionally, nothing in petitioner's brief or in the state court record persuades this court that petitioner can overcome his procedural default. Petitioner has not demonstrated (nor does this court find that the record supports) a cause and prejudice stemming from the default, or that a denial of relief will result in a miscarriage of justice.

Therefore, the court finds that petitioner's constitutional claims regarding the Illinois Sexually Violent Persons Commitment Act are procedurally defaulted.

**D. Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that petitioner's claims are not cognizable, procedurally defaulted or otherwise without merit, and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 07/02/2018          ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)