# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| John Birch, 867235, | ) |
| Petitioner, | ) Case No: 18 C 50072 |
| v. | ) Judge Philip G. Reinhard |
| Gregg Scott, Director, Rushville Treatment and Detention Facility, | ) |
| Respondent. | ) |

## ORDER

For the reasons stated below, defendant's motion to reconsider this court's denial of his petition pursuant to 28 U.S.C. § 2254 [12] is denied.

## STATEMENT

The court has received petitioner John L. Birch's motion to reconsider this court's denial of his habeas corpus petition filed under 28 U.S.C. § 2254. *See* [12]. On July 2, 2018, in denying petitioner's § 2254 petition, the court found (1) petitioner's state law claims were not cognizable, (2) his claim that he was not shown to be dangerous beyond a reasonable doubt was barred as adjudicated on the merits, and (3) his constitutional claims were procedurally defaulted. *See* [10]. In his motion to reconsider, petitioner appears to be arguing the court should have found that petitioner avoided procedural default of his constitutional claims because he demonstrated both cause for and prejudice stemming from the default, and that any denial of relief resulted in a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) and *United States v. Frady*, 456 U.S. 152, 170 (1982). However, petitioner misinterprets the law and, regardless, cannot adequately demonstrate that default should be avoided. Beyond these arguments, petitioner also seems to argue the state proceeded under unconstitutional state statutes and, therefore, misapplied the burden of proof to find petitioner a sexually dangerous person.

Petitioner does not specify if he is bringing his motion for reconsideration under FED. R. CIV. P. 59(e) or 60(b). Under Rule 59(e), a movant may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). To be entitled to relief under Rule 59(e), the movant must "clearly establish[ ] a manifest error of law or fact" or point to newly discovered evidence. *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). Under Rule 60(b), the court may relieve a party from final judgment under a "limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 528 (2008); FED. R. CIV. P . 60(b). Rule 60(b) also include a "catch-all" provision: "any other reason that justifies relief." *Id*. Petitioner's arguments fail under either Rule.

As noted in the court's opinion, petitioner's constitutional claims are procedurally defaulted because he failed to adequately brief them in his state court proceedings. In his motion to reconsider, petitioner neither acknowledges nor addresses this failure. Petitioner remains unable to show any external impediment which may have prevented him from presenting his claims in state court (*Murray*), nor how this alleged violation infected his trial with "error of constitutional dimensions" (*Frady*). As to miscarriage of justice, petitioner has provided no evidence to support the argument he was actually innocent of the offense for which he was convicted. *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). Petitioner again argues he was not a sexually violent person at the time of his trial. However, the jury found petitioner to be a sexually violent person based on testimony of two psychologists who testified it was their professional opinion that it was "substantially probable" that petitioner would act out sexually in the future, and, therefore, met the requirements of the state statute to be found a sexually violent person. The Illinois appellate court affirmed the jury's verdict and the Illinois Supreme Court denied petitioner's petition for leave to appeal. Petitioner's reiteration of his argument that he is not sexually dangerous is unavailing. As to his purported claims that the Illinois state statutes are unconstitutional and that the state did not meet its burden, petitioner's conclusory statements and reiterations of his trial arguments do not meet the requirements of Rule 59(e) or 60(b) sufficient to convince the court to reconsider its ruling.

A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). A Rule 59(e) motion "is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Additionally, under Rule 60(b), petitioner's arguments reveal no fraud, mistake or newly discovered evidence. Moreover, by making the same arguments in his motion to reconsider as he did in his § 2254 petition, the court is not persuaded there is any other reason to justify relief.

For the above reasons, petitioner's motion to reconsider the court's denial of petitioner's 28 U.S.C. § 2254 petition is denied. This case remains closed.

Date: 07/11/2018                    ENTER:

                                    _____
                                    Philip G. Reinhard
                                    United States District Court Judge

Notices mailed by Judicial Staff. (LC)